UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Nos. 25-5152, 25-5233, 25-5247
(Civ. A. No. 25-0943)

COALITION FOR HUMANE
IMMIGRANT RIGHTS, *et al.*                                            Appellants,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,                                                        Appellees.

# APPELLEES' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

Appellees hereby submit their Reply in Further Support of their Motion to Dismiss ("Motion to Dismiss," Doc. No. 2126374), as two of the three appeals currently before this Court in this consolidated matter are procedurally improper. As made clear in the Motion to Dismiss, Appellants' first motion for a stay in this Court, filed in Case No. 25-5152 (the "First Appeal") was premature, as it was filed before the district court had ruled on their motion for an injunction pending appeal. Meanwhile, Appellants' second filing, in Case No. 25-5233 (the "Second Appeal"), improperly sought to appeal the district court's eventual denial on that same motion for an injunction pending appeal, despite it not

being a final appealable order. And the most recent effort, in Case No. 25-5247 (the "Third Appeal"), improperly seeks to appeal a "constructive denial," providing this Court with no record or order at all. As Appellees make clear in the Motion to Dismiss, this Court should dismiss the Second and Third Appeals, deny the Appellants' motion for an injunction pending the resolution of the First Appeal, and instead move forward with addressing the underlying question on appeal.

## STANDARD OF REVIEW

Before seeking a stay pending appeal in the circuit, appellants must first seek a stay from the district court and fail to obtain relief, or they must demonstrate that it would have been impracticable to do so. Fed. R. App. P. 8(a)(2)(A). Any motion for a stay or otherwise seeking emergency relief "must state whether such relief was previously requested from the district court *and the ruling on that request.*" D.C. Cir. R. 8(a)(1) (emphasis added). There must also be attached "a copy of the judgment or order involved" and of any "decision, memorandum, opinion, or findings issued by the district court." D.C. Cir. R. 8(a)(3). Where an appellant fails to make that showing, this Circuit routinely denies such motions. *See, e.g.*, *Powder River Basin Res. Council v. Dep't*

*of Interior*, No. 24-5268, 2025 WL 312649, *1 (D.C. Cir. Jan. 24, 2025); *Carter v. United States*, No. 03-5067, 2003 WL 21659644, *1 (D.C. Cir. July 10, 2003).

## ARGUMENT

All three appeals currently before this Court originate from Appellants' motion for a preliminary injunction in the district court (R.4), and the district court's denial of that motion (R.27). Appellants appropriately appealed that denial (the First Appeal), which is the only matter properly before this Court. Everything which has occurred thereafter—Appellants' [First] Motion for Stay or Injunction Pending Appeal (Doc. No. 2114110) and the noticing of the Second and Third Appeals—has failed to comply with the Federal Rules of Appellate Procedure (the "Rules"), this Court's rules (the "Circuit Rules"), and the rule of finality.

First, Appellants' initial motion for a stay pending appeal should be denied as procedurally improper.[1] Both Rule 8 and Circuit Rule 8

---

[1] Given that Appellants have since noticed two new appeals and filed the present motion for a stay in the consolidated matter, this initial motion for a stay pending appeal could also be denied as moot, as it has likely been superseded by subsequent filings.

3

require that a party seeking an injunction pending an appeal first be denied that relief by the district court, even when the district court has already initially denied an injunction. Rule 8(a)(2)(A); Circuit Rule 8(a)(1); *see also* Fed. R. Civ. P. 62(d) (permitting a district court to grant an injunction even "while an appeal is pending from an interlocutory order" refusing an injunction). At the time Appellants filed that initial motion, the district court had not yet ruled on their motion for an injunction pending an appeal; Appellants certainly did not—and could not—comply with Circuit Rule 8 and the requirement that they identify the district court's ruling on the request for an injunction below. Circuit Rule 8(a)(1).

Appellants now insist (Opp'n at 2-3, Doc. No. 2127442) that they were not required to wait, as the relief requested was "time-sensitive," citing two out-of-circuit opinions. But this Court routinely denies such motions when appellants fail to comply with Rule 8. *See, e.g.*, *Powder River*, 2025 WL 312649, at *1; *Carter*, 2003 WL 21659644, at *1; *Teva Pharms. USA, Inc. v. FDA*, No. 05-5401, 2005 WL 6749423, at *1 (D.C. Cir. Nov. 16, 2005) (per curiam). Judge Millett recently highlighted this requirement in her concurring opinion in *J.G.G. v. Trump*, noting that

4

she would have denied a stay pending appeal on this ground alone. *J.G.G. v. Trump*, No. 25-5067, 2025 WL 914682, at *22-23 (D.C. Cir. Mar. 26, 2025) (Millett, J. concurring). While there may be instances where facts and circumstances render it impracticable to first seek relief in the district court, Appellants have offered none of those here.

Second, the Second Appeal should be dismissed in its entirety as procedurally improper. The Second Appeal is based on the district court's denial of Appellants' motion for an injunction pending appeal— i.e., after Appellants filed the motion in this Court addressed above, the district then *did* deny their injunction pending appeal, which they appealed. That denial (R.53), despite Appellants' insistence to the contrary, does not qualify as a final decision or appealable order. *See* 28 U.S.C. § 1291. While Appellants state (Opp'n at 4, Doc. No. 2127442) that it was "effectively an interlocutory order refusing an injunction," they offer this Court no support for that position. Indeed, permitting this would entirely undermine the purpose of Rule 8: the appropriate mechanism to address a district court's denial of an injunction pending appeal is to then move the Circuit for an injunction pending appeal, not to create a separate and parallel appellate proceeding. *Cf.* Rule 8;

5

Circuit Rule 8. The Second Appeal is procedurally improper and should be dismissed.

Finally, the Third Appeal is also procedurally improper. After the district court eventually denied Appellants' motion for an injunction pending appeal (R.53)—the order improperly forming the basis for the Second Appeal—Appellants then filed a renewed motion (R.54) for a preliminary injunction before the district court, on the basis that the district court had articulated new reasoning. *See* Opp'n at 3-4 (Doc. No. 2127442). Without waiting for the district court to rule on that motion—which it still has not done—Appellants then noticed the Third Appeal, premised on the "constructive denial" of their renewed motion. The complete absence of a district court decision can hardly meet the finality requirements of 28 U.S.C. § 1291 and Rule 3. Appellants' only support for this proposition is the recent opinion of the Supreme Court in *A.A.R.P. v. Trump*, which they insist (Opp'n at 4) permits jurisdiction over constructive denials of injunctive relief. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025). Not so. That case involved individuals already being detained and who were given notices of removal and were told "that they would be removed tonight or tomorrow." *Id.* at 1366

6

(citation modified). No such facts have been provided to this Court; there is not a single allegation or declaration by a member of the Appellant organizations insisting that they are at risk of immediate, irreversible action. Indeed, the fact that Appellants have not balked at the schedule set by this Court in briefing the pending motions significantly undermines any such finding. There are no extenuating circumstances that would support this Court taking jurisdiction over a "constructive denial" and the Third Appeal should therefore be dismissed.

## CONCLUSION

The Court should dismiss the Second and Third Appeals and deny the initial Motion for a Stay or Injunction Pending Appeal.

JEANINE FERRIS PIRRO
United States Attorney

JOHNNY H. WALKER, III
Assistant United States Attorney

     */s/ Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify that foregoing complies with Federal Rule of Appellate Procedure 27(d)(2), in that it contains 1,246 words, is in fourteen-point font and utilizes Century Schoolbook typeface.

>             */s/ Kartik N. Venguswamy*
> KARTIK N. VENGUSWAMY
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on this 31st day of July 2025, the foregoing has been served on Appellants through the Court's CM/ECF system.

>             */s/ Kartik N. Venguswamy*
> KARTIK N. VENGUSWAMY
> Assistant United States Attorney